
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 125 | **DATE** | 3/4/2004 |
| **CASE TITLE** | Berger, et al. vs. AXA Network, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order granting plaintiffs' motion for class certification (26-1). A class is certified consisting of those persons described in plaintiffs' motion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 5 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 52 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | MPJ | courtroom deputy's initials | 3/4/2004 date mailed notice | |
| | | | Date/time received in central Clerk's Office | MPJ mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**TERRY BERGER and DONALD LAXTON,** individually and on behalf of a class of all those similarly situated,

Plaintiffs,

v.

**AXA NETWORK, LLC and THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES,**

Defendants.

No. 03 C 125

DOCKETED

MAR 0 5 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs Terry Berger and Donald Laxton allege that defendants AXA Network, LLC, and the Equitable Life Assurance Society of the United States (collectively, "Equitable") have violated § 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140. Mr. Berger and Mr. Laxton were agents under contract with Equitable to solicit life insurance and annuity contracts until their terminations in 2000 and 2001, respectively. Plaintiffs allege that in 1999, Equitable adopted a new policy that had the effect of making some agents ineligible for Equitable's benefit programs. Plaintiffs move for class certification pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. I grant that motion.

I.

In order to certify a class, I must determine that the four prerequisites of Fed. R. Civ. P. 23(a) are met, and that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2), or (3). The four prerequisites of Rule 23(a) are that (1) the proposed class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims of the representative parties are typical of the claims of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. With respect to Rule 23(b), plaintiffs here proceed under 23(b)(2), which requires that the party opposing the class has acted or refused to act on grounds generally applicable to the class, making injunctive or declaratory relief appropriate.

A.

Plaintiffs bear the burden of showing that the proposed class satisfies all the requirements of Rule 23. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984). Plaintiffs have shown that during each year since 1999, Equitable was party to more than 3,000 agent contracts, and that some percentage of the agents under those contracts were affected by the 1999 policy. Plaintiffs estimate the number of affected agents is in the hundreds. This is sufficient to satisfy the numerosity requirement. *See Daniels v. Blount Parrish & Co., Inc.*, 211 F.R.D. 352, 353 (N.D. Ill. 2002).

2

Equitable does not challenge the satisfaction of the commonality requirement. All that is required is "a common nucleus of operative fact." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Here, the common questions of law and fact revolve around the policy adopted by Equitable in 1999 and its effect on agents under a 14th edition contract.

B.

Equitable argues that Mr. Berger and Mr. Laxton do not meet the Rule 23 typicality and adequate representation requirements. Plaintiffs argue that it is improper for me to consider the merits of their claims when ruling on a motion for class certification. However, when ruling on such a motion, I should make whatever legal and factual inquiries are necessary to determine whether the Rule 23 requirements are met. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). The strength or weakness of a plaintiff's claims weighs in the Rule 23(a)(4) analysis of adequacy of representation. *See Robinson*, 167 F.3d at 1157 ("One whose own claim is a loser from the start knows that he has nothing to gain from the victory of the class, and so he has little incentive to assist or cooperate in the litigation."). Thus, I may make at least a limited inquiry into the merits of plaintiffs' claims to determine whether plaintiffs can adequately represent the class.

Equitable argues that the proposed class is too broad and ambiguous and that Mr. Berger and Mr. Laxton are, in any event, not

part of the class. The basis for this argument involves a basic misunderstanding of what plaintiffs must show to establish the propriety of class certification. In Equitable's interpretation, plaintiffs would have to show that, but for their declassification as full time life insurance salesmen ("FTLIS"), they would have been eligible for Equitable's benefits. Equitable argues that plaintiffs cannot do so, because Mr. Berger and Mr. Laxton did not meet the requirements for classification as a FTLIS under Equitable's policy adopted in 1999.

However, Equitable's basic premise is incorrect. First, plaintiffs do not need to show that they *would* have been eligible for the benefits, just that they "may become entitled" to the benefits, without Equitable's action. 29 U.S.C. § 1140. Second, Equitable chooses the wrong dividing point for its analysis. The applicable question is not whether Mr. Berger and Mr. Laxton would be classified as FTLIS under the new policy, but whether that policy was enacted for the purpose of interfering with the attainment of Equitable's benefits.

Mr. Berger and Mr. Laxton fit squarely in the proposed class. Mr. Berger and Mr. Laxton were agents designated as FTLIS, who lost that designation because of Equitable's 1999 policy, and who lost their eligibility for benefits because of the loss of that designation. Their claims are typical of the claims of agents, past, present, and future, who may lose benefits because of this

4

policy. The proposed class is also not vague or overbroad. Equitable claims that the proposed class includes agents who did not qualify as FTLIS under Equitable's policy. This argument fails for the same reason: ERISA § 510, 29 U.S.C. § 1140, talks about benefits for which individuals "may become entitled," not benefits that individuals would have been eligible for but for the actions or policies of the employer.

C.

Finally, Equitable argues that the proposed class does not meet the requirements of Rule 23(b)(2). Rule 23(b)(2) requires that declaratory or injunctive relief be appropriate, because the party opposing the class has acted or failed to act in a manner affecting the entire class. This is precisely the situation in this case. Plaintiffs seek injunctive and declaratory relief against Equitable for the policy enacted in 1999.

II.

Plaintiffs' motion for class certification is granted. A class is certified consisting of those persons described in plaintiffs' motion:

> All present, former, and retired Equitable agents who (a) lost eligibility for benefits under any Equitable ERISA plan during any period on or after January 1, 1999 because of the application of the policy adopted by Equitable of using compliance with specified sales goals as the test of who was a "full time life insurance salesman" and thereby eligible for benefits under any such plan, or (b) remain subject to losing

such benefits in the future because of the potential application to them of that policy.

ENTER ORDER:

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: March 4, 2004